IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EAGLE HOSPITAL PHYSICIANS, LLC, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION NO. |
| v. : | 1:04-CV-1015-JOF |
| : | |
| SRG CONSULTING, INC., et al., : | |
| : | |
| Defendants. : | |

**OPINION AND ORDER**

This matter is before the court on the court's order of March 14, 2007.

In that order, the court granted in part and denied in part Plaintiff's motions for summary judgment. The court also addressed Plaintiff's motion for sanctions relating to Defendant Gerst's acquisition of two of Plaintiff's documents covered by the attorney-client privilege. In an order dated February 28, 2006, the court directed Defendant Gerst to explain how he obtained the e-mails. In a deposition taken on April 13, 2006, Defendant Gerst refused to answer numerous questions by invoking the Fifth Amendment.

At the time it ordered Defendant Gerst's deposition, the court recognized that the circumstances of the acquisition of the documents might suggest that Defendant Gerst had an ongoing ability to monitor communications between Plaintiff and Plaintiff's counsel. The

AO 72A
(Rev.8/82)

court also recognized the possibility that Defendant Gerst would take the Fifth Amendment and refuse to answer questions concerning his abilities to monitor the communication of Plaintiff. The court granted Plaintiff leave to revisit the issue of sanctions at that time because it would leave Plaintiff in the difficult position of not knowing whether Defendants had obtained an unfair advantage in the litigation based on a supposed ability to monitor communications. Based on Defendant Gerst's refusal to fully answer the questions posed to him in his deposition, Plaintiff filed a motion seeking the sanction of default.

In its March 14, 2007 order, the court noted that Defendants' previous counsel had withdrawn from the litigation and before considering the extreme sanction of default, the court desired to hold a hearing. The court granted Defendants thirty days' leave to obtain new counsel, and advised that after that time had passed, the court would set the sanctions matter down for a hearing.

On April 10, 2007, James G. Killough filed a notice of appearance as local counsel for Defendants. Laurence J. Zielke and Nancy Schook of Pedley, Zielke, Gordinier & Pence, PLLC (Louisville, Kentucky), have been admitted pro hac vice on behalf of Defendants on May 15, 2007. As Defendants have secured new counsel, the court now schedules a hearing on the matter of sanctions sought by Plaintiff for **Monday, July 9, 2007, at 10:00 a.m.** At the time of the hearing the court will set a deadline for the filing of a pretrial order on the claims remaining in the litigation.

**IT IS SO ORDERED** this 15th day of June 2007.

                                                   s/ J. Owen Forrester
                                                     J. OWEN FORRESTER
                                      SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)