# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| EAGLE HOSPITAL PHYSICIANS, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:04-CV-1015-JOF |
| | : | |
| SRG CONSULTING, INC., HOSPITALIST PHYSICIANS, INC., and STEVEN R. GERST, | : : | |
| | : | |
| Defendants. | : | |

## OPINION AND ORDER

This matter is before the court on Plaintiff's motion to require Defendants to post a supersedeas bond [238] and Defendants' motion for relief seeking discharge of surety [241].

On February 28, 2008, the court entered a default judgment in favor of Plaintiff in the amount of $44,000 and granted Plaintiff costs in the amount of $10,693.15. Shortly after that judgment was entered, Defendants filed a motion to provide a supersedeas bond in the amount of $46,242. In an order dated January 13, 2009, the court denied Defendants' motion finding that a bond in the amount of $46,242 would not be sufficient as Plaintiff had a pending motion for attorney's fees totaling more than $500,000. Although Defendants never posted a bond, the United States Court of Appeals for the Eleventh Circuit considered

Defendants' appeal of the court's February 28, 2008 default judgment order and affirmed this court's order on March 12, 2009. The default judgment and costs associated with that order are now final. Because the bond was never posted and the Court of Appeals has affirmed this court's order, the court GRANTS Defendants' motion seeking a discharge of surety [241]. The court finds that the bond attached to Docket Entry 241 was not accepted or approved by the court and has not been filed with the court. Therefore, surety Lexon Insurance Company has no liability or obligation under the proposed supersedeas bond and may cancel such bond.

In a separate order, the court considered Plaintiff's motion for attorney's fees and awarded Plaintiff $559,334 in fees. *See* Order dated Jan. 13, 2009; *see also* Order dated April 20, 2009 (awarding $18,386.15 in supplemental attorney's fees). Defendants have filed a notice of appeal of the court's award of attorney's fees. In conjunction, Plaintiff has filed the instant motion asking the court to require Defendants to post a supersedeas bond to cover this separate appeal. In their response, Defendants ask the court to waive the requirement in light of Eagle's assets. Defendants assert, based on Eagle's 2007 federal tax returns, that Eagle has $55,903,704 in assets, of which Defendant SRG Consulting, Inc., owns a 5.68% interest, valued in Defendants' calculation, at approximately $3.1 million. Defendants argue, therefore, that Plaintiff's attorney's fee award is protected because Defendant, SRG Consulting, Inc, cannot transfer its interest in Plaintiff without Plaintiff's

2

approval. Defendant also contends that requiring it to post a bond will bring it "perilously close" to bankruptcy.

Federal Rule of Civil Procedure 62(b) does provide that a stay of monetary judgment may be obtained through the posting of a supersedeas bond. The purpose of the supersedeas bond is to preserve the status quo and protect the rights of the non-appealing party during the appeal. *See Prudential Ins. Co. v. Boyd*, 781 F.2d 1494, 1498 (11th Cir. 1986). The amount of the supersedeas bond should cover the potential judgment, appeal costs, interest, and damages for the delay. *Id.* at 1191. In its discretion, a district court may waive the posting of a supersedeas bond. *See Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 690 F.2d 1189, 1191 (5th Cir. 1979). The "burden is on the moving party to objectively demonstrate the reasons for such a departure." *Id.* In exercising its discretion, the district court may consider whether the movant is capable of satisfying the judgment or posting a bond. *Id.*

Here, Defendant Steven Gerst and his counsel have provided affidavits that based on their review of Plaintiff's federal income tax returns, Plaintiff has assets in the range of $55 million such that Defendants' interest in those assets is sufficient to protect the judgment and award of attorney's fees in Plaintiff's favor. The court finds that the affidavits of Defendant Gerst and his counsel are not sufficiently objective to warrant the waiver of the bond requirement. The affidavits do not provide the court with any information as to the type or

AO 72A
(Rev.8/82)

form of Plaintiff's assets, nor do they give the court any concrete information about Defendants' ability to satisfy the judgment, but for Dr. Gerst's assertion that he would come "precariously close" to bankruptcy were he forced to secure a bond. Generalities such as these and a mere listing of assets from tax returns are not sufficient to overcome the usual requirement of a supersedeas bond.

Therefore, the court GRANTS Plaintiff's motion to require Defendants to post a supersedeas bond [238] and requires Defendants to post a supersedeas bond in the amount of $577,720.50.

**Conclusion**

The court GRANTS Plaintiff's motion to require Defendants to post a supersedeas bond [238] and GRANTS Defendants' motion for relief seeking discharge of surety [241].

**IT IS SO ORDERED** this 12th day of June 2009.

                                              s/ J. Owen Forrester
                                              J. OWEN FORRESTER
                                              SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)