# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

Eagle Hospital Physicians, LLC,

    Plaintiff,

v.     CIVIL ACTION NO.
1:04-cv-01015-JOF

SRG Consulting, Inc., et al.,

    Defendants.

## OPINION AND ORDER

This matter is before the court on Plaintiff's motion for disbursement of funds from the registry of the court [246]; Defendants' motion for reconsideration [252]; Plaintiff's motion to compel post-judgment discovery [260]; Defendants' motion to withdraw Cary Ichter as attorney [261]; and Defendants' amended motion to withdraw Cary Ichter as attorney [262].

**Motion for Reconsideration**

This order presumes familiarity with the long history of the litigation. In an order entered June 12, 2009, the court granted Plaintiff's motion to require Defendants to post a supersedeas bond in the amount of $557,720.50. The court noted it had the discretion to waive the posting of a supersedeas bond, but ruled that Defendants had not met their burden

of convincing the court to waive the requirement. Defendants filed the instant motion for reconsideration again arguing that because Plaintiff's assets number in the range of at least $28 million, Defendants' interest in those assets (alleged to be over $1.5 million) is sufficient to protect the judgment and award of attorney's fees in Plaintiff's favor. The court does not find that the additional recitation of facts from Plaintiff's tax returns or a monthly bank statement of Plaintiff's are a sufficient basis for the court to reconsider its previous order. Cursory analysis of income tax returns and bank statements alone are not a reliable basis upon which to value a corporation. The court finds that Defendants are merely rearguing what they raised in the original motion and that is not a proper basis for a motion for reconsideration. Therefore, the court DENIES Defendants' motion for reconsideration [252].

The court notes that in both their motion for reconsideration and their opposition to Plaintiff's motion for disbursement of funds discussed below, Defendants attempt to inject into this litigation facts and information from a state court litigation between the parties related to corporate issues. The court will not engage in the state court litigation. The instant litigation has unraveled now for over 5 years. The court has reached final judgment on the issues of liability and damages with respect to the default judgment in the amount of $54,693.15. That judgment was affirmed by the Eleventh Circuit in *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298 (11th Cir. 2009). There is nothing more to be

2

said on those issues and the court finds that Defendants are merely engaging in tactics to delay paying on that judgment.

**Motion to Disburse Funds from the Registry of the Court**

Plaintiff asks the court to direct the Clerk of the Court to distribute to Eagle $41,734.42 of the funds held in the registry of the court to satisfy in part the default judgment entered in favor of Plaintiff and against Defendants on February 25, 2008. The February 25th order directed Defendants to pay Plaintiff $44,000. On March 27, 2008, the Clerk of the Court taxed costs against Defendants in the amount of $10,693.15. Thus, the total amount of the award for the default judgment was $54,693.15. Additionally, as of May 8, 2009, post-judgment interest is calculated to be $1,274.27. This judgment was affirmed by the Eleventh Circuit. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298 (11th Cir. 2009).

On December 20, 2005 and April 20, 2009, Plaintiff made two deposits into the registry of the court for a total of $45,538.97 now held in the registry. Further, Plaintiff recently made a distribution of profits to its members, whose ranks include Defendant SRG. Defendant SRG should have received $14,233 under that disbursement. However, Plaintiff used that disbursement to offset $14,233 against the default judgment awarded against Defendants. Therefore, Plaintiff now seeks $41,734.42 to be disbursed from the registry to Plaintiff to satisfy the remaining portion of the default judgment.

3

Defendants oppose this motion primarily arguing that Plaintiff's withholding of $14,233 in distribution is improper. Defendants state that they have asked the Georgia Superior Court to appoint an auditor in the state court case. Defendants also enumerate further concerns about the accuracy of Plaintiff's corporate books. As the court stated above, however, the court will not delve into the corporate matters being handled in the state court litigation. Defendants further contend the distribution is premature because the entire award is based on the striking of Defendants' pleadings which resulted from the "purported existence of EAGLE's attorney-client privilege." *See* Response, ¶ 6. Of course, the Eleventh Circuit has affirmed this court's decision in the default judgment action.

The court finds that Defendants have not raised any cognizable issues to contest Plaintiff's request for disbursement of funds from the registry of the court to partially satisfy the default judgment entered by the court. Therefore, the court GRANTS Plaintiff's motion for disbursement of funds from the registry of the court [246].

**Motion to Compel**

On July 30, 2009, Plaintiff filed a motion to compel concerning post-judgment discovery. Plaintiff correctly notes that in an order dated February 25, 2008, the court entered default judgment in favor of Plaintiff and against Defendants in the amount of $44,000. In an order dated January 13, 2009, the court awarded Plaintiff $559,334.00 in attorney's fees. Finally, in an order dated April 21, 2009, the court awarded Plaintiff an

4

additional $18,386.50 in attorney's fees. The default judgment has been affirmed by the Eleventh Circuit. Defendants have appealed the other two orders, but there is no supersedeas bond in effect to stay Plaintiff's collection of the attorney's fee awards.

Plaintiff served Defendants with post-judgment interrogatories and document requests pursuant to Fed. R. Civ. P. 69. Defendants have refused to answer any of the interrogatories or produce any documents. Defendants also did not respond to Plaintiff's motion to compel. Because Defendants did not respond to Plaintiff's motion to compel, the court deems it unopposed. *See* LR 7.1(B). The court GRANTS Plaintiff's motion to compel [260]. Defendants are DIRECTED to respond to the interrogatories and requests for documents served by Plaintiff within thirty (30) days from the date of this order.

**Motions to Withdraw as Counsel**

Finally, Cary Ichter and the law firm of Adorno & Yoss, LLP filed a motion to withdraw as counsel citing differences that have arisen between the firm and Defendants which preclude the firm from continuing to represent Defendants. The court DENIES AS MOOT Defendants' motion to withdraw Cary Ichter as attorney [261]; and GRANTS Defendants' amended motion to withdraw Cary Ichter as attorney [262].

**Conclusion**

The court GRANTS Plaintiff's motion for disbursement of funds from the registry of the court [246]; DENIES Defendants' motion for reconsideration [252]; GRANTS

5

Plaintiff's motion to compel post-judgment discovery [260]; DIRECTS Defendants to respond to the interrogatories and requests for documents served by Plaintiff within thirty (30) days from the date of this order; DENIES AS MOOT Defendants' motion to withdraw Cary Ichter as attorney [261]; and GRANTS Defendants' amended motion to withdraw Cary Ichter as attorney [262].

The Clerk of the Court is AUTHORIZED and DIRECTED to draw a check on the funds on deposit in the registry of this court in the principal amount of $41,734.42 minus any statutory user's fees, payable to Eagle Hospital Physicians, LLC, and mail or deliver the check to Eagle's attorney of record, Stephen E. Hudson, Kilpatrick Stockton, LLP, 1100 Peachtree Street, N.E., Suite 2800, Atlanta, Georgia, 30309.

**IT IS SO ORDERED** this 31st day of August 2009.

                                                    /s J. Owen Forrester
                                                    J. OWEN FORRESTER
                              SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)